Argued and submitted June 19, vacated and remanded with instructions July 17, 1985

STATE OF OREGON,
*Respondent,*

*v.*

KENNETH RICHARD IRVING,
*Appellant.*

(84-858-M; CA A34782)

703 P2d 983

Michael L. Mowrey, Grants Pass, argued the cause for appellant. With him on the brief was Burrows, Simcoe & Mowrey, Grants Pass.

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

PER CURIAM

**PER CURIAM**

Defendant appeals his conviction for furnishing alcohol to a minor. ORS 471.410(2). He argues, *inter alia,* that his conviction in a trial to the court was based on the trial court's manifest misunderstanding of a key piece of testimony by the minor. The state concedes this point, noting in its brief:

"The defendant was the sole renter of the house [where the alcohol was furnished]. On the night in question a number of minors were in the house. Beer was being dispensed from a keg in the house. Money was being charged at the door. The defendant was aware that minors were present in the house. William Hull, who was 16 years old at the time, was in the house when the beer was being dispensed from the keg. At the time he was arrested Hull had been drinking.

"Although the conclusion that Hull obtained whatever alcohol he had consumed that night from the keg in the defendant's house is not compelled, it strains credulity to suggest that *no* rational trier of fact could reasonably infer that Hull drank at defendant's house.

"[On the other hand, t]he defendant correctly notes that the trial judge stated that '* * * Hull's testimony was that he got beer from the keg * * *.' Defendant is also correct in asserting that Hull was not asked and did *not* testify that he obtained any beer from the keg. As argued above, the evidence is sufficient to support the conviction. However, because it is not clear what the trial judge, as trier of fact, would have done had he not misapprehended the witness's testimony, the state believes that the interests of justice require that the case be remanded to the trial court for further proceedings."

We agree. The judgment is vacated and the case is remanded for reconsideration of the evidence. If the trial court again finds defendant guilty, it shall reinstate the judgment. If, on the other hand, the court determines its original view of the facts to be the only basis on which it could convict defendant, then he shall be acquitted. *See State v. Sargent,* 74 Or App 50, 701 P2d 484 (1985).[1]

Vacated and remanded with instructions.[2]

---

[1] Should the trial court believe, for any reason, that its present recollection of the facts will not permit it to resolve the case, it may order a new trial.

[2] Defendant's other assignments of error, including one to the effect that the evidence is insufficient to convict defendant, are not well taken.