Submitted on record and briefs February 28, reversed and remanded April 11, 2007

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CARL DAVID CHELSON, JR.,
*Defendant-Appellant.*

Washington County Circuit Court
C032308CR; A125292

157 P3d 258

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, Legal Services Division, and Jennelle Meeks Barton, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Christina M. Hutchins, Senior Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

PER CURIAM

## PER CURIAM

Defendant appeals a judgment of conviction for unlawful use of a weapon, ORS 166.220, and menacing, ORS 163.190. He assigns error to the trial court's ruling that, as a matter of law, defendant was not entitled to assert the defense of use of physical force in defense of property. He also assigns error to the trial court's denial of a motion for a judgment of acquittal.

The facts necessary to dispose of the appeal are few and undisputed. In the small hours of a summer morning, two men wearing dark clothes with the words "Recovery Agent" stenciled on them stopped in front of defendant's house with the intention of repossessing defendant's pickup truck, because defendant was three months in arrears on his payments. Defendant observed the men from inside the house. One of the two men reached inside the truck, which was parked in front of the house. Defendant went to the front door with his rifle in hand. He opened the door and started yelling at the two men to get off his property.

Defendant was charged with unlawful use of a weapon and menacing. He waived his right to a jury trial, and the case was tried to the court. At trial, defendant asserted a defense of protection of property under ORS 161.229, which provides that

"[a] person is justified in using physical force, other than deadly physical force, upon another person when and to the extent that the person reasonably believes it to be necessary to prevent or terminate the commission or attempted commission by the other person of theft or criminal mischief of property."

At the close of the evidence, the trial court concluded that, when defendant pointed the rifle at the two recovery agents, he had employed "deadly force," and so the defense was not available to him as a matter of law.

Defendant also moved for a judgment of acquittal on the ground that the state had failed to prove that he did not

reasonably believe that he had to use a threat of force to prevent the two recovery agents from stealing his property. The trial court denied the motion.

On appeal, defendant first assigns error to the trial court's conclusion that he was not entitled to assert the defense of property defense because the threat of deadly force does not constitute the use of deadly force. The state concedes the point. We accept the concession. *State v. Taylor*, 182 Or App 243, 248, 48 P3d 182 (2002) (the threat of deadly force does not constitute the use of deadly force).

The state suggests that, because the trial court rejected the defense at the close of the evidence, there is no need for a new trial, and the trial court should simply reconsider the case—now including the defense—in light of the testimony in the record. We agree. *Cf. State v. Irving*, 74 Or App 600, 703 P2d 983 (1985) (proper remedy in bench trial in which trial court misstated key testimony is to remand for court to reconsider in light of testimony in the record). We reject without discussion defendant's assignment of error pertaining to the denial of the motion for judgment of acquittal.

Reversed and remanded.